**KAUFMAN DOLOWICH**

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

**Edward Grimmett**
egrimmett@kaufmandolowich.com

www.kaufmandolowich.com

April 10, 2025

**VIA ECF AND EMAIL**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Manuel Angel Calderon v. Network Infrastructure, Inc., et al.*
      Case No. 1:24-cv-05442-ALC-BCM

Dear Judge Carter:

This firm represents defendants Network Infrastructure, Inc. d/b/a Network Infrastructure ("Network") and Patrick Clarke ("Clarke") (collectively, the "Defendants"), in the above-referenced action. Pursuant to Section 2(A) of Your Honor's Individual Practices Rules, we write to respectfully request a pre-motion conference in anticipation of filing a motion for a brief stay of the instant proceeding. Moreover, for the reasons discussed herein, Defendants respectfully request that the deadline to oppose Plaintiff's Motion for Conditional Certification of a Collective Action (*See* ECF Docket Nos. 22-254 be adjourned *sine die* pending the Court's decision of this request. Defendants' current deadline to oppose this Motion is April 18, 2025 (the "Opposition Deadline").

The instant matter should be stayed because there is a substantially similar wage and hour class and collective action that was filed against Defendants in this Court captioned *Cruz v. Network Infrastructure Inc., et al*, Case No. 1:25-cv-00832-MKV. In Cruz, Defendants have filed a request for a pre-motion conference, as Defendants intend to file a motion to dismiss the *Cruz* Complaint, or in the alternative stay or consolidate the *Cruz* matter with the instant action. Annexed hereto as Exhibit "A" is Defendants' request for a pre-motion conference in the *Cruz* matter.

The basis for Defendants' anticipated motion in the *Cruz* matter is that the Second Circuit's "first-to-file" rule prohibits competing lawsuits.[1] *See Lau v. Wells Fargo & Co.*, 2021 WL 1198964, at *5 (S.D.N.Y. 2021) (quoting *Thomas v. Appe-Metro, Inc.*, 2015 WL 505384, at *2 and 4 (S.D.N.Y. 2015) (recognizing that the "first-to-file" rule is "'a well-established Second Circuit doctrine' based on principles of judicial economy" and its application is "'particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated

---

[1]   Defendants also seek dismissal of Plaintiff's Sixth Cause of Action for the failure to state a claim and his Seventh and Eighth Causes of Action because he lacks standing to bring such claims.

1

settlement negotiations."). When applying the "first-to-file" rule, Courts have recognized that "'a district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action' and "[i]n some situations, depending on the circumstances, courts will instead transfer or stay the case, or, if the cases are in the same district, consolidate." *See Lau v. Wells Fargo & Co.*, 2021 WL 1198964, at \*5 (S.D.N.Y. 2021).

A stay is warranted to conserve judicial resources because the Court's decision in *Cruz* will impact the instant action. For instance, it is possible that the motion is denied, which could lead to conflicting and inconsistent orders on issues pertaining to the putative collective or class. It is also possible that the *Cruz* Court will order consolidation, which could lead to duplicative discovery and motion practice.

## I. The Two Lawsuits Include Overlapping Class and Collective Actions.

### A. The Instant Action

The instant action is a class and collective action complaint against Network and Clarke. Calderon alleges that Network and Clarke failed to pay him and similarly situated employees overtime and "call-in pay" in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The Calderon Complaint defines the putative class and collective as "laborers, laborer-drivers, operators, mechanics, and all other workers who performed manual construction labor, with the exception of foremen, in New York State." *See* Calderon Complaint, ¶¶ 29 and 32.

### B. The *Cruz* Complaint

In *Cruz*, the plaintiff similarly brings a class and collective action Complaint against Defendants alleging, among other things, failure to pay employees overtime and "call-in pay" in violation of the FLSA and NYLL. Plaintiff seeks to certify a class and collective of former and current employees who performed work for Defendants as a "non-managerial laborer." *See* Complaint, ¶¶ 15 and 21.

The instant action and the *Cruz* matter both seek to certify the same broad-based class of employees that includes non-managerial (i.e., non-foreman) "laborers/workers" workers who performed manual construction labor.

The "first-to-file" rule is applicable to the above-mentioned actions given the competing class and collective action claims. Accordingly, Defendants have demonstrated a likelihood of success on its anticipated motion in the *Cruz* matter.

## II. A Stay of the Instant Proceeding is Warranted

"A district court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Liguori v. Wells Fargo Bank, N.A.*, 2020 WL 5370709, at \*3

(S.D.N.Y. 2020) (quoting *Loftus v. Signpost Inc.*, 2020 WL 2848231, at *2 (S.D.N.Y. 2020). In determining whether to stay the proceedings, Courts consider the following factors:

> "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant[]; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."

*Id.* at *4.

Here, the only potential prejudice to the Plaintiff would be a slight delay for the *Cruz* Court to issue a decision on Defendants' anticipated motion. The Second Circuit has recognized that "delay standing alone does not establish prejudice." *Enron Oil Corp. v. Diakuara*, 10 F.3d 90, 98 (2d Cir. 1993). On the other hand, Defendants would suffer significant prejudice if a stay was not granted, or at a minimum, the Opposition Deadline was not extended, because Defendants would be required to litigate the very same or similar issues multiple times. Specifically, Plaintiff's Motion for Conditional Certification of a Collective is currently pending before the Court. The putative collective in the *Cruz* matter overlaps with the putative collective in the instant matter. However, the *Cruz* complaint includes additional causes of action which may alter the claims available to the putative collective. Thus, staying this matter would support the Court's interest in judicial economy and efficiency, because it would avoid duplicative discovery, motion practice, and decisions from the Court. *See Liguori*, 2020 WL 5370709, at *5-6 (staying the proceeding because, among other things, the putative classes in the two cases "substantially overlap[ped]" which required "defendant [to] face[] duplicative discovery and litigation practice with respect to the proposed class members in the case.").

Based on the foregoing, Defendants respectfully request that the Court grant this application for a pre-motion conference and extend Defendants' April 18, 2025 Opposition Deadline *sine die* pending the Court's decision of this request. We thank the Court for its time and consideration of this request.

Respectfully Submitted,<br>
Kaufman Dolowich LLP<br>
<br>
*/s/ Edward Grimmett*<br>
Edward Grimmett

cc:   All counsel of record (via ECF)