**KAUFMAN | DOLOWICH**

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Edward Grimmett**
egrimmett@kaufmandolowich.com

June 6, 2025

**VIA ECF AND EMAIL**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

     Re: *Manuel Angel Calderon v. Network Infrastructure, Inc., et al.*
       Case No. 1:24-cv-05442-ALC-BCM

Dear Judge Carter:

  This firm represents defendants Network Infrastructure, Inc. d/b/a Network Infrastructure ("Network") and Patrick Clarke ("Clarke") (collectively, the "Defendants"), in the above-referenced action. Pursuant to Section 2(A) of Your Honor's Individual Practices Rules, we write to respectfully request a pre-motion conference in anticipation of filing a motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(1).

  Manuel Angel Calderon (the "Named Plaintiff") and the Opt-In Plaintiffs (collectively, the "Plaintiffs") allege that Defendants failed to pay overtime and "call-in pay" in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Namely, Plaintiffs claim that they were not properly compensated for: (a) the time spent traveling to and/or from Defendants' yards at the start/conclusion of the workday; and/or (b) their attendance at mandatory safety meetings. Plaintiffs' claims must be dismissed because they are preempted by the Labor Management Relations Act ("LMRA") and the National Labor Relations Act ("NLRA").

  This Court has recognized that a FLSA and NYLL claims are preempted under Section 301 of the LMRA if they require the Court to interpret and/or adjudicate the terms of the parties' collective bargaining agreement ("CBA"). *See Diaz v. New York Paving Inc.*, 2025 WL 1220924, at *3 (S.D.N.Y. 2025). To determine whether a claim is preempted, the Court has adopted the test set forth in *Cheng Xia Wang v. Shun Lee Palace Rest, Inc.*, 2023 WL 4421699 (S.D.N.Y. 2023). *Id* at *2. Specifically, this test requires an analysis of:

> (1) whether the claim implicates rights of employers or employees independent of any rights established by the CBA, or, alternatively, (2) whether evaluation of the claim is inextricably intertwined with consideration of the terms of the CBA. If the answer to the first question is no, the claim is preempted; if the answer to the second question is yes, the claim is preempted.

*Id.*

Here, the Plaintiffs' claims are preempted by the LMRA and/or NLRA. The Plaintiffs were all members of a union,[1] and the CBA in effect during their employment, established their working hours and compensation. For instance, the CBAs applicable to each of the Plaintiffs (i.e. Local 731, Local 137, Local 60, Local 1010, Local 1298, and Local 15) contain provisions related to traveling to and/or from Network's yards, the unit employees' work hours, the unit employees' rate of pay (which often depends on the specific work being performed), shift differentials, and/or overtime compensation.

Given that these CBA provisions were in effect at the time of Plaintiffs' employment, Plaintiffs' claims alleging unpaid wages for travel time and attendance at safety meetings are preempted by the LMRA and/or NLRA. Defendants maintain that each Plaintiff was compensated properly in accordance with the terms of their applicable CBA. Thus, any argument by Plaintiffs that Defendants failed to pay overtime and gap-time at a rate set forth in the CBA would be closely intertwined with these contractual provisions.

This Court's decision in *Diaz* is analogous to the instant matter. In *Diaz*, the memorandum of agreement at issue contained a provision governing the compensation for preliminary or postliminary shift work. *Id.* at *2. The Court held that an evaluation of plaintiffs' unpaid travel time claim would be "inextricably intertwined" when analyzing the terms of the memorandum of agreement. *Id.* While plaintiffs argued that the provision violated the FLSA and NYLL, the Court further recognized that "plaintiff's challenge to the lawfulness of a term of the CBA will require substantial interpretation of the CBA" which warrants preemption. *Id.* at *3 (quoting *Vera v. Saks*, 335 F.3d 109, 116 (2d Cir. 2003)).

Furthermore, the plaintiffs in *Diaz* attempted to avoid preemption by arguing that there was a dispute as to whether plaintiffs actually performed preliminary or postliminary shift work. *Id.* The Court held that the claims were still preempted because plaintiffs were required to prove that defendant breached the memorandum of agreement. *Id.* (citing *Vera*, 335 F.3d at 114).

A similar holding was rendered in *Cruz v. C.A.C. Industries, Inc.*, Index No. 805294/2024E (N.Y. Sup. Ct. Bronx Cty. 2025). In *Cruz*, the Court held that plaintiff's unpaid travel time claims were preempted given the terms of a Local 731 CBA. In rendering this decision, the Court recognized that

> insofar as paragraph 75 of Article VI of the CBA includes '[t]he use of pick-up trucks and/or vans for moving men to and from various job sites [and] moving tools" as work thereunder, to the extent that plaintiff alleges he was not compensated for doing same, resolution

---

[1] Manual Angel Calderon, Sabbato Perno, Austin Saldano, Eduardo Fonseca, Carlos Fuentes, Imar O Hagan, and Manuel Tama were members of the Building, Concrete Excavating & Common Laborers' Union Local No. 731 of Greater New York Long Island and Vicinity of the Laborers' International Union of North America ("Local 731). Gabriel Guezada and Allan Cole were members of the International Union of Operating Engineers Local No. 137 ("Local 137"). Jose De Jesus Ceja-Diaz, Lourenco T. Alves, and Rafael Gonzalez were members of the Laborers' International Union of North America, Local No. 60 ("Local 60"). Robert Babst, and Daniel Goncalves were members of the International Union of Operating Engineers Locals 14-14B & 15-15A ("Local 15"). Francisco Onofre was a member of Road and Heavy Construction Laborers' Union Local 1298 ("Local 1298").

>   of this claim requires interpretation of the CBA, which is preempted
>   by the LMRA.

*Id.* at pg. 10.

The Local 731 CBA applicable to the Named Plaintiff, Sabbato Perno, Austin Saldano, Eduardo Fonseca, Carlos Fuentes, Imar O Hagan, and Manuel Tama include this exact same provision.

Accordingly, Plaintiffs are incapable of advancing an argument that would suggest that their claims should not be preempted by the LMRA and/or NLRA. *See Diaz*, 2025 WL 1220924; *see also Cruz*, Index No. 805294/2024E; *see also Johnson v. D.M. Rothman Co., Inc.*, 861 F. Supp.2d 326, 332 (S.D.N.Y. 2012) (holding that plaintiffs' NYLL and FLSA claims for unpaid overtime were preempted under the NLRA because the claims were "inextricably intertwined" with the CBA); *see Hoops v. Keyspan Energy*, 822 F. Supp.2d 301, 306 (holding that plaintiff's FLSA claims were preempted under the LMRA because plaintiffs claim hinged on the terms and conditions of employment set forth in the CBA); *see also Freeman v. River Manor Corp.*, 2019 WL 3578432, at *3 (E.D.N.Y. 2019) ("[W]here an employee brings statutory wage claims 'substantially dependent' on or 'inextricably intertwined' with an analysis of a CBA, the employee's statutory wage claims will be preempted by Section 301 of the LMRA."); *see also Cortese v. Skanska Koch, Inc.*, 2021 WL 429971, at *11 (S.D.N.Y. 2021) (holding that plaintiffs FLSA claims were preempted under the NLRA).

Based on the foregoing, Defendants respectfully request that the Court either establish a briefing schedule or schedule a pre-motion conference regarding Defendants' anticipated motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(1).

We thank the Court for its time and consideration of this request.

>   Respectfully Submitted,
>   Kaufman Dolowich LLP
>
>   Edward Grimmett

cc:   All counsel of record (via ECF)