

# PELTON GRAHAM LLC

ADVOCATES FOR JUSTICE

June 11, 2025

Brent E. Pelton, Esq.
Pelton@PeltonGraham.com

**VIA ECF**

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:** *Calderon v. Network Infrastructure, Inc., et al.*
**Civil Action No. 24-cv-05442 (ALC)(BCM)**

Dear Judge Carter:

This office represents Manuel Angel Calderon ("Plaintiff") in the above-referenced matter. We write in response to the pre-motion letter filed by Network Infrastructure, Inc. and Patrick Clarke ("Defendants") seeking a conference in anticipation of filing a motion to dismiss (the "Pre-Motion Letter") on the basis of preemption by Section 301 of the Labor Management Relations Act ("LMRA"). It is clear even from the Pre-Motion Letter that this matter does not fall within the preemption framework set forth by the Supreme Court and Second Circuit caselaw, nor is it analogous to Your Honor's recent decision in *Diaz v. N.Y. Paving, Inc.*, No. 18-cv-4910, 2025 WL 1220924, 2025 U.S. Dist. LEXIS 78325 (S.D.N.Y. Apr. 24, 2025) ("*Diaz*"). As such, Plaintiff respectfully requests that Defendants' request be denied.

**Plaintiff's Wage and Hour Claims Do Not Rely on Interpretation of a CBA**

Plaintiff, on behalf of a Fair Labor Standards Act (FLSA) § 216(b) collective and putative Rule 23 class, seeks unpaid overtime and gap-time wages under the FLSA and New York Labor Law (NYLL). (Dkt. No. 1). Plaintiff's sole allusion to union membership or the existence of any collective bargaining agreement ("CBA") is a brief explication of his pay, which included an hourly rate and supplemental benefits received from Local Union 731. (Dkt. No. 1 ¶ 17).

In *Livadas v. Bradshaw*, 512 U.S. 107 (1994), the Supreme Court explained that "decisions according pre-emptive effect to LMRA § 301 foreclose even a colorable argument" that a claim arising under a state wage and hour law "was pre-empted," given that "the only issue raised by [plaintiff's] claim," as to her employer's payment of wages, "was a question of state law, entirely independent of any understanding embodied in the collective-bargaining agreement between the union and the employer." *Livadas*, 512 U.S. 124-25. The Second Circuit has further explained that, plaintiffs are "masters of the complaint" and that, even where an individual may be a "bargaining unit member who possessed substantial rights under the collective bargaining agreement," he may nevertheless raise only statutory claims that do "not rely upon or address (or even mention) any

---

**New York**: 111 Broadway, Suite 1503, New York, NY 10006  Tel. 212-385-9700  Fax 212-385-0800
**San Francisco**: 220 Montgomery Street, Suite 2100, San Francisco, CA 94104  Tel. 415-437-9100

www.PeltonGraham.com

collective-bargaining agreement" and decline to seek remedies or rights afforded by any such agreement. *Domnister v. Exclusive Ambulette Inc.*, 607 F.3d 84 (2d Cir. 2010).

Here, unlike in *Diaz*, Defendants have provided no indication that there is any specific portion of any collective bargaining agreement, memorandum of agreement, or other binding collective agreement that explicitly "makes clear that" workers such as plaintiffs "were not required to do preliminary or postliminary shift work." *Diaz*, 2025 WL 1220924, 2025 U.S. Dist. LEXIS 78325, at *4. Much less is there any indication that any such provision would cover *all* potential plaintiffs in the several unions identified by Defendants (Pre-Motion Letter at p. 2, fn. 1) for the entire time period at issue. Indeed, the dismissal in *Diaz* was limited to claims of Local 1010 members accruing from March 2024 and expressly did not include "Local 175," which was "a separate union to which many Plaintiffs belong," as it "is not a party to the MOA." *Diaz*, 2025 WL 1220924, 2025 U.S. Dist. LEXIS 78325, at *2, fn. 1. The Court determined that the CBAs were silent as to all the plaintiffs' other unpaid wage claims such that "there is no need to interpret the CBAs" to resolve them *Id.*, 2025 WL 1220924, 2025 U.S. Dist. LEXIS 78325, at *4.

In the same way, numerous decisions in the Southern and Eastern Districts of New York have found wage and hour and similar claims—including claims pertaining to preliminary and postliminary work—are not preempted by Section 301. *See Arroyo v. NYU Langone Hosp.*, No. 19-cv-1624, 2019 WL 5682628, 2019 U.S. Dist. LEXIS 189531, at *7-11 (S.D.N.Y. Oct. 31, 2019) (denying dismissal motion for claims that "Defendants violated the NYLL… by failing to pay wage and overtime compensation for security guards' pre- and post-shift work," specifically rejecting Defendants' argument that "determining what constitutes 'work' that is entitled to compensation under New York law will depend on the terms of the underlying CBAs"); *Berger v. New York Univ.*, No. 19-cv-267, 2019 WL 3526533, 2019 U.S. Dist. LEXIS 129691, at *12 (S.D.N.Y. Aug. 2, 2019) (defendant "is incorrect that [plaintiff's] claim require an analysis of the CBA's pay structure. Unlike the cases upon which [defendant] relies, this case raises no contention that an employer failed to properly apply the pay rate set out in a CBA… Instead, in involves a claim that [plaintiff] was required to work without any pay at all for portions of his workday") (internal citations omitted); *Kaye v. Orange Reg'l Med. Ctr.*, 975 F. Supp. 2d 412, 423-425 (S.D.N.Y. 2013) (Denying preemption arguments where "Defendant does not explain what there is to interpret from the CBA, as the rates-of-pay and work-week provisions are straightforward" that "at most… will need to be merely referenced in resolving Plaintiff's state law claims and, as noted, such referral is not inconsistent with the LMRA"); *Polanco v. Brookdale Hosp. Med. Ctr.*, 819 F. Supp. 2d 129 (E.D.N.Y. Aug. 30, 2011) (Noting that plaintiff's allegations of uncompensated work "if proven, may establish a violation of an independent statutory right arising under the NYLL" and further observing that "even if the CBA contains provisions and rights regarding 'after hour' works identical to those in the NYLL, such 'parallelism' does not mandate preemption") (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 408 (1988)).

**Defendants' Reliance on an Unreported State Court Decision is Misplaced**

The dismissal in *Cruz v. C.A.C. Industries, Inc.*, Index No. 805294/2024E (Bronx Cty. Sup. Ct. Apr. 8, 2025), relied upon by Defendants, is neither binding nor persuasive, as an unpublished

Hon. Andrew L. Carter, Jr.
Plaintiff's Response Defendants' Pre-Motion Letter
Page **3** of **4**

New York state trial court decision that is currently being appealed and that improperly interpreted New York Appellate Division, First Department caselaw. As an initial matter, while it is proper for this Court to give "proper regard" to lower state court rulings, these decisions "are not binding on the federal courts." *Ins. Co. of N. Am. v. Zaglool*, 526 F. Supp. 2d 361, 369 (E.D.N.Y. 2007) (citing *Phansalkar v. Andersen Weinroth & Co.*, 344 F.3d 184, 199 (2d Cir. 2003)). More importantly, the Court in *C.A.C.* misapplied the narrow holding of *Garcia v. Allied Parking Sys.*, 300 A.D.2d 219 (1st Dept. 2002) and failed to consider the binding decision of the Appellate Division in *Tamburino v. Madison Sq. Garden, LP*, 115 A.D.3d 217 (2014). In *Garcia*, the Appellate Division affirmed that a claim for attorneys' fees pursuant to NYLL § 198 arising out of an employer's failure to timely and correctly pay wages "at the rate provided in his collective bargaining agreement" was preempted by the LMRA. *Garcia*, 300 A.D.2d at 317. Notably, the plaintiff in *Garcia* also asserted an overtime claim, which was dismissed not on the basis of preemption but because the lower court determined that he was correctly classified an executive exempt from overtime requirements. *Id.*

The contrast between *Garcia* and *Tamburino* is instructive. In *Garcia*, the preempted claim specifically sought relief arising out of the CBA. In *Tamburino*, on the other hand, the First Department rejected the argument that a statutory NYLL claim was preempted by a CBA, finding that "the claims for gratuities do not require an interpretation of the CBA," which is made abundantly clear by the fact that "plaintiffs may prevail on their claims regardless of whether [defendant] distributed the gratuities to its employees in the manner provided by the CBA." *Tamburino*, 115 A.D.3d at 222. Importantly, the First Department made this ruling in spite of several "factual considerations" that overlapped between plaintiff's claim for unpaid gratuities and matters addressed by the CBA, including the employer's "obligation with regard to conditions under which gratuities must be distributed and the manner of distribution of gratuities to different classifications of employees," as well as a mandatory grievance procedure requiring that all disputes arising out of the CBA must be asserted through arbitration. *Tamburino*, 115 A.D.3d 220. However, this "parallelism" was ultimately incapable of sustaining a finding of preemption where "plaintiff's theory is not that [defendant] did not provide what the CBA required but that [defendant] withheld portions of the gratuities in violation of Labor Law § 196-d." *Tamburino*, 115 A.D.3d at 222.

\*   \*   \*

In sum, Plaintiff has asserted straightforward wage and hour claims arising under state and federal law with no reference to any party's rights or obligations under a CBA. In the absence of a specific agreement similar to that presented in *Diaz*, which preempted only a narrow portion of the total claims asserted, New York state and federal courts typically find that such claims are not preempted by Section 301 of the LMRA. Broad provisions regarding "work" or "compensable" hours fall short of the preemption standard, as such provisions rarely require interpretation or analysis pertaining to statutory wage claims. As such, there is no basis for Defendants' proposed motion to dismiss, and this matter should proceed per the case management schedule ordered by the Court. (Dkt. No. 31).

Hon. Andrew L. Carter, Jr.
Plaintiff's Response Defendants' Pre-Motion Letter
Page **4** of **4**

        We appreciate Your Honor's attention to this matter.

        Respectfully submitted,

        */s/ Brent E. Pelton*

        Brent E. Pelton, Esq. of
        PELTON GRAHAM LLC

cc:    All counsel (via ECF)