**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MANUEL ANGEL CALDERON, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**NETWORK INFRASTRUCTURE INC. and PATRICK CLARKE, Jointly and Severally,**<br><br>**Defendants.** | **1:24-cv-05442 (ALC)(BCM)** |

**DECLARATION OF BRENT E. PELTON, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Brent E. Pelton, declare under penalty of perjury that the following is true:

1. I am a partner with the law firm of Pelton Graham, LLC, counsel for the Plaintiffs in this action. This declaration is based on my own personal knowledge. I make this declaration in connection with Plaintiffs' Motion for Class Certification of Plaintiffs' New York Labor Law (NYLL) claims, pursuant to Fed. R. Civ. P. 23, filed contemporaneously herewith.

**PELTON GRAHAM LLC**

2. Pelton Graham LLC is dedicated to representing workers in various employment law contexts.

3. While the firm primarily practices within the area of wage and hour litigation, we also handle other employment law matters for employees including sexual harassment and discrimination claims.

4. The firm is currently handling litigation within the Southern and Eastern Districts of New York. Most of our wage and hour cases are handled as collective actions or hybrid Rule 23 class/FLSA collective actions.

5. A substantial portion of our wage and hour matters arise from the construction industry.

6. Pelton Graham LLC is presently advancing the costs of the litigation. Pelton Graham LLC is well-suited to advance subsequent necessary costs to ensure the continued viability of this litigation.

7. Pelton Graham LLC has committed significant time and work to identifying, investigating and litigating Plaintiffs' claims and is fully prepared to continue to litigate this action and advocate for the interests of the Plaintiffs.

8. Cases in the S.D.N.Y. and E.D.N.Y. involving class and/or collective actions in which Pelton Graham LLC (formerly known as Pelton & Associates, PC) has acted as lead counsel include: *Porter v. MooreGroup, Corp.*, No. 17 Civ. 7405 (VMS) (E.D.N.Y.); *Tiquiram v. Kanoni, Inc.*, 18 Civ. 4044 (RLM) (E.D.N.Y.); *Mendez v. MCSS Rest. Corp.*, 16 Civ. 2746 (NGG) (RLM) (E.D.N.Y.); *Moses, et al. v. Consolidated Edison Company of New York, Inc., et al.,* No. 18-cv-02100 (OTW)(RFT) (S.D.N.Y.); *Pote v. Central Construction Management, LLC*, 15 Civ. 144 (LDH) (RER) (E.D.N.Y.); *Khalid v. DJ Shirley 1 Inc., et al.*, 2:15 Civ. 5926 (LDW) (GRB) (E.D.N.Y.); *Juarez, et al. v. AAGJ, Inc., et al.*, 2:15 Civ. 6050 (KAM) (JO) (E.D.N.Y.); *Morales v. 1305 Food Corp., et al.*, 15 Civ. 04553 (ARR) (SMG) (E.D.N.Y.); *Guzman v. A.S. Fulton Food Corp., et al.*, 15 Civ. 3313 (RRM) (RML) (E.D.N.Y.); *Cano v. Nineteen Twenty Four, Inc., et al.* 15 Civ. 4082 (RRM) (RER) (E.D.N.Y.); *Garcia, et al. v. 1720 Food Corp., et al.*, 15 Civ. 5396(RJD) (MDG) (E.D.N.Y.); *Lopez v. JSV Enterps., Inc., et al.*, 15 Civ. 1306 (PKC) (PK)

(E.D.N.Y.); *Flores, et al. v. Five Star Carting, LLC, et al.*, 2:14 Civ. 2970 (RML) (E.D.N.Y.); *Zhirzhan, et al. v. AGL Industries, Inc., et al.*, 14 Civ. 7567 (JBW) (PK) (E.D.N.Y.).

9. Courts have also regularly approved the appointment of Pelton Graham LLC to serve as class counsel. *See, e.g., Amigon, et al v. Safeway Construction Enterprises LLC, et al,* No. 20 Civ. 05222 (PKC)(PK) (E.D.N.Y.); *Hakaj, et al. v. The Original Homestead Restaurant Inc., et al,* No. 22 Civ. 00353 (RA)(BCM) (S.D.N.Y.); *Mendez v. MCSS Rest. Corp.*, 16 Civ. 2746 (NGG) (RLM) (E.D.N.Y.); *Cazares, et al. v. AVA Restaurant Corp.*, 15 Civ. 477 (RML); *Dolores, et al. v. Europan Café LLC, et al.*, 13 Civ. 7270 (RJS) (S.D.N.Y.); *Padilla v. Etro U.S.A., Inc.*, 13 Civ. 5796 (LAP) (S.D.N.Y.); *Hall v. U.S. Security Assocs., Inc.*, 12 Civ. 8189 (KMK) (S.D.N.Y.); *Sierra v. Spring Scaffolding LLC, et al.*, 12 Civ. 5160 (JMA)( (E.D.N.Y.); *Henry et al v. Little Mint, Inc., et al.,* 12 Civ. 3996 (CM) (S.D.N.Y.); *Ack, et al. v. Manhattan Beer Distributors, Inc., et al.,* 11 Civ. 5582 (CBA) (SMG) (E.D.N.Y.); among others.

**THIS ACTION**

10. Named Plaintiff Manuel Angel Calderon commenced this collective action on behalf of himself and all others similarly situated by filing Plaintiff's CLASS & COLLECTIVE ACTION COMPLAINT on July 18, 2024. (Dkt. No. 1).

11. Plaintiff moved to conditionally certify a collective pursuant to the FLSA § 216(b) on March 19, 2025. (Dkt. Nos. 22-24). Subsequently, the parties negotiated a proposed stipulation and order to resolve the motion with the mailing of agreed-upon notice to members of the stipulated collective. (Dkt. No. 27). The Court approved the proposed notice and mailing. (Dkt. No. 28).

12. Following the Court's approval of the stipulated materials, Defendants provided a list of 238 members of the FLSA collective.

13. A total of twenty-seven (27) individuals returned consent forms to join this Action. (*See* Dkt. No. 78 at 2, fn. 1; *see* Dkt. Nos. 32-40, Nos. 42-44, Nos. 46-49, No. 52, No. 53, No. 55, and Nos. 57-64).

14. At this time, there are twenty-two (22) opt-in plaintiffs, all of whom are represented by this office. Of the 27 original opt-ins, one was dismissed as an opt-in plaintiff after the filing of a suggestion of death (Dkt. No. 75), and the parties stipulated to dismiss the FLSA claims of four (4) additional individuals. (Dkt. No. 93)

15. The parties have exchanged document discovery. Plaintiffs produced all the relevant documents in their possession, including paystubs, tax forms, text messages, timesheets, handwritten notes, and union membership cards. Defendants produced time and pay records, Pre-Trip Inspection Reports, and GPS data for approximately one hundred (100) vehicles for the period between 2021 and 2026, all produced in PDF format.

16. Plaintiffs believe that some of these records, specifically time and pay records and vehicle inspection records, are incomplete as to numerous opt-in plaintiffs with long employment periods.

17. Plaintiffs have reviewed the Pre-Trip vehicle inspection reports, GPS records, and time and pay records and created two (2) preliminary analyses of these records. At **Exhibit M**, Plaintiffs have analyzed the GPS records on a day-by-day and vehicle-by-vehicle basis, calculating the average daily duration (*i.e.*, measuring the period of time between the first trip of the day and the final trip of the day) per vehicle. This average daily duration excludes the first trip and last trip of the day to the extent that such trips lasted five (5) or fewer minutes, traveled less than .1 miles, and were performed more than thirty (30) minutes from the next (or previous) trip. These trips were excluded in light of party testimony that Yard workers frequently moved vehicles at the Yard

before Plaintiffs and Class Members traveled to jobsites. Plaintiffs have presented two (2) averages at **Exhibit M**: the gross average and the average excluding days lasting less than four (4) hours. It is appropriate to exclude these shorter days in evaluating the length of days worked by Plaintiffs and Class Members, as they likely represent partial days when a given piece of equipment was stationed at a jobsite and used for a short period of time. Both Plaintiffs and Defendants testified that Class Members typically worked, and were paid for, seven (7) to eight (8) hours on a jobsite and sometimes more. Thus, it is highly unlikely that a Plaintiff or Class Member's workday would have consisted solely of operating a single vehicle for fewer than four (4) hours. As set forth at **Exhibit M**, page one, the average daily duration, excluding days less than four (4) hours, is 9.24 hours.

18. Plaintiffs also created an analysis comparing the time records for the Plaintiffs with vehicle IDs shown in the pre-trip vehicle reports, which are reflected in the GPS records. Therefore, although the GPS records do not give the name of the driver of a vehicle on a given day, using the pre-trip reports, Plaintiffs are able to directly compare an individual's GPS records for a day with their recorded time. As set forth in **Exhibit N**, these records, when analyzed together, consistently show that Plaintiffs operated their company vehicles for more time than reflected on their timesheets. Notably, these records do not capture all time spent at the Yard but primarily travel time. Plaintiffs have also preserved the bates-stamps for each record to enable all parties to directly compare and confirm the underlying documents, as demonstrated in **Exhibit O**, which consists of the underlying documentation for Row 1 of Exhibit N. As set forth at page one of **Exhibit N**, the average GPS daily duration is 9.32 hours, compared to the average daily time billed (and paid) of 8.44 hours. Notably, both **Exhibit M** and **Exhibit N** provide extremely similar information regarding the hours recorded via GPS (*i.e.*, well over nine hours), which, significantly,

represents travel time but does not capture all Yard time, safety meetings, trainings, and certifications, which would have taken place before the recorded GPS trips. Upon receipt of full classwide records, Plaintiffs anticipate performing a full, detailed review of all classwide time and pay, vehicle reports, and GPS records to create a fuller comparison demonstrating the differential between billed hours and GPS recorded hours for each Class Member who drove vehicles.

19. Despite Plaintiffs requesting sign-in sheets for safety meetings, Defendants have not produced these records or similar documents as to drug testing, trainings, or certifications.

20. Plaintiffs deposed Defendant Clarke and Ken Walsh for Network Infrastructure, and Defendants have deposed Manuel Calderon, Lourenco Alves, Thomas Doyle, Carlos Fuentes, and Francisco Onofre.

21. At this time, one other motion is pending in this matter: Defendants' motion to dismiss this action on preemption grounds. The motion has been fully briefed. (Dkt. Nos. 97-99, 103, 106).

**EXHIBITS**

22. Attached hereto as **Exhibit A** is a true and accurate copy of the Class & Collective Action Complaint. (Dkt. No. 1).

23. Attached hereto as **Exhibit B** is a true and accurate copy of the transcript of the deposition in this matter of Patrick Clarke.

24. Attached hereto as **Exhibit C** is a true and accurate copy of the transcript of the deposition in this matter of Ken Walsh.

25. Attached hereto as **Exhibit D** is a true and accurate copy of the transcript of the deposition in this matter of Manuel Calderon.

26. Attached hereto as **Exhibit E** is a true and accurate copy of the transcript of the deposition in this matter of Lourenco Alves.

27. Attached hereto as **Exhibit F** is a true and accurate copy of the transcript of the deposition in this matter of Thomas Doyle.

28. Attached hereto as **Exhibit G** is a true and accurate copy of the transcript of the deposition in this matter of Francisco Onofre.

29. Attached hereto as **Exhibit H** is a true and accurate copy of the transcript of the deposition in this matter of Carlos Fuentes.

30. Attached hereto as **Exhibit I** is a true and accurate copy of a Declaration executed by Evan Kuveke setting forth details regarding his employment with Defendants, his hours worked, his wages paid, and his experience of Defendants' time and pay policies that resulted in substantial unpaid hours.

31. Attached hereto as **Exhibit J** is a true and accurate copy of a Declaration executed by Elie Ilan setting forth details regarding his employment with Defendants, his hours worked, his wages paid, and his experience of Defendants' time and pay policies that resulted in substantial unpaid hours.

32. Attached hereto as **Exhibit K** is a true and accurate copy of a Declaration executed by Keith Dunn setting forth details regarding his employment with Defendants, his hours worked, his wages paid, and his experience of Defendants' time and pay policies that resulted in substantial unpaid hours.

33. Attached hereto as **Exhibit L** is a true and accurate copy of excerpts of Plaintiffs' Exhibits 6 and 7 discussed in Patrick Clarke's deposition, consisting of time records and vehicle GPS records produced by Defendants for Plaintiff Calderon.

34. Attached hereto as **Exhibit M** is a true and accurate copy of the GPS daily duration analysis performed by Plaintiffs, showing that Class Members typically worked in excess of nine (9) hours per day, resulting in several unpaid hours per week, even before adding in additional unpaid Yard time.

35. Attached hereto as **Exhibit N** is a true and accurate copy of time record/pre-trip vehicle report/GPS analysis performed by Plaintiffs, showing consistent unpaid time worked by Plaintiffs per GPS records but not reflected in time records and therefore not paid.

36. Attached hereto as **Exhibit O** is a true and accurate copy of the bates-stamped records used to create the first line of Exhibit O for Austin Soldano, reflecting hours worked and paid on December 2, 2022. This is a true and accurate sample of the records used to create the analyses set forth above.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 23rd day of March, 2026.

*<u>/s/ Brent E. Pelton</u>*
Brent E. Pelton, Esq. (BP 1055)
**PELTON GRAHAM LLC**
111 Broadway, Suite 1503
New York, New York 10006
Tel.: (212) 385-9700, Fax: (212) 385-0800
Email: pelton@peltongraham.com

*Attorneys for Plaintiff, the FLSA Collective and putative Class*